IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07CV637-WHA |
| | ) (WO) |
| COLUMBIA BAPTIST ASSOCIATION | ) |
| DOTHAN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff, proceeding *pro se*, brings this action – the twenty-fifth lawsuit that she has filed in this court in the past sixteen months – against defendant Columbia Baptist Association Dothan. She alleges that the defendant provides "community funds generated threw the community churches . . . to help the poor or people that are in need." (Complaint). She asserts that, although defendant's program has given her assistance in past years, it

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"refused to assist the plaintiff with any of the community money" in May, June and July 2007.  Plaintiff alleges that defendant will not discuss its reasons for its refusal with her, contending that "the reason the plaintiff is being refuse the funds is because of mall as behavior form the defendant(s)[.]"  Plaintiff seeks $50,000.00 in damages.  (Id.).

Plaintiff is required to allege "a short and plain statement of the grounds upon which the court's jurisdiction depends[.]"  Fed. R. Civ. P. 8(a)(1).  She must state the basis of the court's jurisdiction and plead facts that demonstrate the existence of jurisdiction.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  While the court must construe plaintiff's *pro se* complaint liberally, no construction of the facts she has alleged gives rise to federal jurisdiction.  Additionally, since this action involves the failure of a private religious association to provide plaintiff with money donated by private individuals, and plaintiff alleges damages in an amount insufficient to sustain diversity jurisdiction, it does not appear that plaintiff can demonstrate jurisdiction through amendment of the complaint.  Accordingly, this court lacks subject matter jurisdiction over this matter. "Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A separate judgment will be entered dismissing this action.

Done, this 17th day of July, 2007.


          /s/ W. Harold Albritton
          SENIOR UNITED STATES DISTRICT JUDGE